UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS PENA,

                Petitioner,              Case No. 5:17-cv-12222
                                                Hon. John Corbett O'Meara

THOMAS WINN,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 10], (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Nicholas Pena, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Lenawee Circuit Court guilty plea conviction for delivery of less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), one count of resisting a police officer, MICH. COMP. LAWS § 750.81, and one count of maintaining a drug house. MICH. COMP. LAWS § 333.7405(1)(d). Petitioner was sentenced to a controlling term of 134 to 480 months.

This matter is before the Court on Respondent's motion to dismiss the petition on the grounds that it was filed after expiration of the statute of limitations. [Dkt. 10]. Instead of filing a response to the motion, Petitioner chose to file a "request for respondent to show cause why it should not be held in contempt for failure to respond." [Dkt. 12]. It was appropriate for Respondent to file a motion to dismiss. See Advisory Committee Notes to Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Nevertheless, because it can be more readily discerned that Petitioner's substantive claims lack merit, the Court will deny the petition on that basis. The Court will also deny Petitioner a certificate of appealability and deny permission to

proceed on appeal in forma pauperis.

## I. Background

Petitioner plead guilty to the above-described offenses on October 24, 2012, pursuant to a plea agreement. Dkt. 11-5. The prosecutor put the terms of the plea agreement on the record. He indicated that Petitioner was pleading guilty to the charged offenses, and in exchange the prosecutor would not seek sentencing enhancements for Petitioner's habitual felony offender status or on account of the fact that the offenses occurred in a school zone. Id., at 2-3. The prosecutor also agreed to dismiss two other criminal complaints. Id., at 3-4. Defense counsel indicated that the terms of the agreement were accurately stated. Id., at 4. Petitioner was then questioned by the trial court, and he indicated his agreement to the terms of the plea deal. Id., at 5. Petitioner denied that there were any other agreements or promises that were not made part of the record. Id., at 9. The court informed Petitioner of all the trial rights he would be waiving by entering his plea, and Petitioner agreed to each one. Id. The court found that Petitioner's guilty plea was entered understandingly, voluntarily, and accurately. Id., at 14. Petitioner was sentenced on January 11, 2013, to the controlling term indicated above.

In February of 2013, Petitioner was appointed an appellate attorney. See Dkt. 11-2. On April 29, 2013, counsel wrote a letter informing Petitioner that he had "had an opportunity to thoroughly review both your plea and sentencing transcripts and found nothing upon which to base an appeal." Dkt. 10, App'x B. The letter also advised Petitioner that a successful withdrawal of the plea could end up causing more harm than good because "it would allow the court to reinstate all of the dismissed charges and supplements, and habitual offender enhancements." Id. Counsel bluntly informed Petitioner, "You can't win," and provided him with forms to sign so that counsel could

withdraw before filing an appeal. Id. Petitioner returned the form unsigned. Id.

Nevertheless, on June 10, 2013, appellate counsel moved to withdraw, informing the trial court that he found no basis to appeal, that he informed Petitioner of this, but that Petitioner had not consented. Id., App'x D. On August 12, 2013, the trial court granted the motion to withdraw "since there appears to be no reasonable basis for an appeal, and, given the inaction of the Defendant." Id., App'x E.

On July 27, 2014, Petitioner filed a motion for relief from judgment in the trial court, raising claims of ineffective assistance of appellate counsel, breach of the plea agreement, and improper sentencing. Dkt. 11-7. The trial court denied this motion on May 22, 2015. Dkt. 11-9.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. On October 12, 2016, the Michigan Court of Appeals denied the delayed application "because defendant has failed to establish that the trial court erred in denying his motion for relief from judgment." Dkt. 11-10. Petitioner then applied for leave to appeal to the Michigan Supreme Court. On May 31, 2017, the Michigan Supreme Court denied Petitioner's application for leave to appeal by standard order. *People v. Pena*, 895 N.W.2d 522 (Mich. 2017) (Table).

Petitioner filed an undated and unsigned habeas petition that was filed with the Court on July 27, 2017.

**II. Standard of Review**

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103 (internal quotation omitted).

### III. Discussion

A. Statute of Limitations

Respondent asserts that the petition was untimely filed. The issue is complicated by the fact that Petitioner previous filed a habeas petition that was stayed, and Petitioner never sought to reopen that case. See Case. No. 2:14-cv-12855. Failure to comply with procedural rules, however, does not create a jurisdictional bar to review of a habeas petition on the merits. See *Trest v. Cain*, 522 U.S. 87, 89 (1997). Additionally, federal courts are not required to address such procedural defenses before deciding against the petitioner on the merits. *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). It may be more economical for the habeas court to simply review the merits of the petitioner's claims, "for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In the present case, the Court deems it more efficient to proceed directly to Petitioner's substantive claims because they are completely devoid of merit.

B. Ineffective Assistance of Appellate Counsel

Petitioner first argues that his appellate counsel was ineffective for failing to pursue a direct appeal from his conviction.

In *Halbert v. Michigan*, 545 U.S. 605, 609-10 (2005), the United States Supreme Court held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution require the appointment of counsel for defendants who have pleaded guilty or nolo contendere and who seek access to first-tier review of their convictions in the Michigan Court of Appeals. Petitioner's rights under *Halbert* were not violated because he was appointed appellate counsel who met with him and reviewed the record before determining that there were no meritorious claims to raise on appeal.

In *Anders v. California*, 386 U.S. 738, 744 (1967), the Supreme Court held that court-appointed appellate counsel could move to withdraw if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." The Supreme Court indicated that any request to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. *Id*. The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. *Id*.

The specific procedure for counsel to withdraw an appeal set forth in *Anders* does not apply to Petitioner's case. In *Smith v. Robbins*, 528 U.S. 259, 272-73(2000), the Supreme Court held that the section of the *Anders* opinion which recited an acceptable procedure for treating frivolous appeals is not obligatory upon the States. In so holding, the Supreme Court noted that the procedure delineated in *Anders* is not an "independent constitutional command," but is just "a prophylactic framework" that the Supreme Court established as one method to vindicate the constitutional right to appellate counsel. *Id*. at 273 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

Here, Petitioner's counsel did not render ineffective assistance of counsel in the manner he withdrew from Petitioner's appeal. Counsel wrote Petitioner a detailed letter why he thought there were no meritorious issues for appeal, and why a successful appeal might ultimately result in adverse consequences for Petitioner. See Dkt. 10, App'x B. After Petitioner failed to agree to the withdrawal, counsel filed a motion in the trial court indicating that counsel met with Petitioner and

examined the record, and concluded that he had "not found any error in either the taking of the plea or in the sentencing." Dkt. 10, App'x E, at 2. While counsel did not file a no-merits brief as in *Anders*, that procedure is not one that the Sixth Amendment requires the States to follow. The record reflects that appellate counsel conducted a conscientious examination of the case and determined that any appeal would be frivolous, and therefore he did not render ineffective assistance of counsel.

Moreover, for the reasons stated below, Petitioner's underlying claims lack merit, so Petitioner was not prejudiced by his counsel's decision to withdraw. Accordingly, Petitioner was denied the effective assistance of appellate counsel.

C. Unfulfilled Terms of Plea Agreement

Petitioner asserts that the trial court violated the terms of the plea agreement because it assessed him fees, costs, and restitution as part of his sentence. To prevail on this claim, Petitioner must show that his plea "rest[ed] in . . . significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration" such that it "must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

There was no sentencing agreement that was made part of the plea agreement. The prosecutor agreed to drop several charges, and he dismissed two other cases against Petitioner, but no representations were made by either the court or the prosecutor that Petitioner would not be required to pay fees, costs, or restitution. In fact, under Michigan law costs, fees, and restitution are mandatory and therefore are not open to negotiation during the plea-bargaining or sentence-bargaining process. See *People v. Ronowski*, 564 N.W.2d 466, 467 (Mich. Ct. App. 1997). Therefore, the trial court did not breach the plea agreement when ordering Petitioner to pay fees, costs, and restitution.

D. Sentencing Guidelines

Petitioner's third claim asserts that his sentence was based on incorrectly scored sentencing guidelines. Specifically, he challenges that scoring of an offense variable and a prior record variable of the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review. See *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Claimed errors in the application of state sentencing guidelines cannot independently support Petitioner's request for habeas relief because they assert that the state courts misapplied their own laws. See *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016).

To the extent that Petitioner asserts that the trial court relied on facts not admitted by him or determined beyond a reasonable doubt by a jury in determining his sentence, the Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of the Sixth Amendment jury-trial right. See *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's determination that

Petitioner's claims are devoid or merit and not reasonably debatable. A certificate of appealability will therefore be denied. Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

**V. Order**

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

                                                            s/John Corbett O'Meara
                                                            United States District Judge

Date: April 19, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 19, 2018, using the ECF system and/or ordinary mail.

                                                            s/William Barkholz
                                                            Case Manager